**Gerald Lynn BYERLY, III, Plaintiff–Appellant,**

v.

**DEPUTY WARDEN, sued in his/her individual & official capacity; K.J. McConnell, Corrections Officer, sued in her/her individual & official capacity; Porter, Corrections Officer, sued in her/her individual & official capacity; Dora B. Schriro, Director, sued in her individual & official capacity, Defendants–Appellees.**

**No. 06–15267.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2007.

Filed Aug. 31, 2007.

Gerald Lynn Byerly, III, ASPCE—Arizona State Prison Complex (Eyman) Special Management Unit II, Florence, AZ, pro se.

Christopher S. Ruhland, Esq., Orrick Herrington & Sutcliffe, LLP, Los Angeles, CA, Kelley J. Morrissey, AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, for Defendants–Appellees.

Before: TROTT, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Plaintiff Gerald Byerly appeals the grant of summary judgment in favor of remaining defendant Dora Schriro, Director of the Arizona Department of Corrections ("ADC"), on his claim that Schriro violated 42 U.S.C. § 1983. Byerly, an inmate within ADC, was attacked by three other inmates in September 2003, while he was confined in Alhambra Reception Center ("Alhambra"). Byerly is a sex offender and had requested placement in protective segregation upon his arrival at Alhambra. Byerly claims that Schriro's implementation of Director's Instruction 67 ("DI 67") at Alhambra, indiscriminately placing unclassified inmates together with those truly in need of protection during an initial evaluation period, led to the attack and violated his Eighth Amendment rights. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment. *Qwest Comm'ns Inc. v. City of Berkeley,* 433 F.3d 1253, 1256 (9th Cir.2006). Our review is governed by the same standard used by the trial court. Fed.R.Civ.P. 56(c); *Qwest Comm'ns Inc.,* 433 F.3d at 1256. We must determine, viewing the evidence in the light most favorable to Byerly, whether

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004). We do not weigh the evidence or determine the truth of the matter, but must only determine whether there is a genuine issue for trial. *See Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir.1999).

"[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not ... every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834, 114 S.Ct. 1970. If an inmate has been assaulted by a fellow inmate, a prison official can only be held liable for a constitutional violation if the inmate can demonstrate that the deprivation is sufficiently serious, *id.* at 834, 114 S.Ct. 1970 (citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)), and that the prison official was deliberately indifferent to the risk, *id.* at 837, 114 S.Ct. 1970. For the purposes of this appeal, we assume the attack on Byerly constitutes a significantly serious deprivation of his rights.

To be deliberately indifferent, the prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Id.* Byerly argues that the district court erred by imposing a requirement that Byerly show that the risk created by DI 67, as implemented at Alhambra, was " 'long-standing, pervasive, [or] well documented' " and that Schriro " 'had been exposed to information concerning the risk and

thus must have known about it.' " *See Byerly v. Deputy Warden*, 2006 U.S. Dist. LEXIS 1191, at *10 (quoting *Farmer*, 511 U.S. at 842, 114 S.Ct. 1970). Byerly correctly notes that, under *Farmer*, showing a long-standing, pervasive, or well-documented policy is simply one way that plaintiffs may demonstrate subjective awareness of risk. *See* 511 U.S. at 842, 114 S.Ct. 1970 (prefacing the proposed method of proof with "[f]or example"); *id.* at 848, 114 S.Ct. 1970 ("Petitioner may establish respondents' awareness by reliance on any relevant evidence.").

But regardless of whether the district court read *Farmer's* requirements too strictly, it correctly concluded that Byerly has not presented any relevant evidence from which a jury could infer that Schriro was deliberately indifferent. In the first place, Schriro's awareness of the likelihood of an attack on Byerly is severely limited because, as Acting Director of Corrections for the entire state of Arizona, she never had any actual contact with Byerly. Byerly therefore relies on her liability as the person in charge of the procedures in place. Pure respondeat superior liability does not apply to § 1983 claims, *see Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir.2006), but a supervisor may be subject to § 1983 liability if the supervisor's wrongful conduct is sufficiently causally connected to the constitutional violation, *see Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir.1991) (en banc). The official must "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* (internal quotation marks and citations omitted). In other words, Schriro must have set in motion a series of acts by others which she knew or reasonably should have known "would cause others to inflict the constitutional injury." *See Johnson v. Duffy*, 588 F.2d 740, 743–44

(9th Cir.1978). Byerly's evidence falls far short of this hurdle.

Byerly presented no evidence that Schriro herself actually knew or reasonably should have known that inmates like Byerly would be subject to attack during the initial evaluation period at Alhambra. When Schriro took over as Acting Director of Corrections, Alhambra was not failing to implement DI 67 in any obvious way; instead, it had a set procedure in place to attempt to provide inmates with protective segregation. Moreover, Schriro was new to the job. She had been the Acting Director for only eleven weeks at the time of the attack, and she did not write the policy or procedures complained of here. Byerly suggests no other ways in which Schriro would have been alerted to the alleged deficiencies in the Alhambra Facility procedures (such as other attacks or complaints).

The strongest support for Byerly's claim is the fact that Schriro was a corrections officer for thirty years, as well as an assertion by Byerly's expert that a reasonable prison official with that experience would find the deficiency in Alhambra's procedures to be obvious. However, in *Farmer* the Court specifically rejected a similarly objective test allowing "a prison official who was unaware of a substantial risk of harm to an inmate [to] nevertheless be held liable under the Eighth Amendment if the risk was obvious and a reasonable prison official would have noticed it." 511 U.S. at 842, 114 S.Ct. 1970; *cf. id.* at 839, 114 S.Ct. 1970 (emphasizing that subjective awareness is necessary to ground an Eighth Amendment violation).

In this case, Byerly cannot demonstrate that his Eighth Amendment rights were violated by Schriro, relying on no more than the fact that Schriro is an experienced corrections official who was ultimately responsible for the enforcement of DI 67. This proffered evidence, without more, is insufficient.[1]

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

---

1. As we are affirming the grant of summary judgment because there is no genuine issue of material fact, we need not reach the alternative asserted grounds for dismissal raised by Schriro regarding exhaustion of administrative remedies and qualified immunity.

